IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| JOSHUA KYLE DUEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:16-cv-372-GMB |
| | ) | [WO] |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Kyle Duey filed this action on May 24, 2016, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Doc. 1. Duey applied for benefits for a disability with an alleged onset date of December 10, 2012. His applications were denied at the initial administrative level. Duey then requested and received a hearing before an Administrative Law Judge ("ALJ") on July 10, 2014. Following the hearing, the ALJ denied Duey's claims. The Appeals Council rejected a subsequent request for review, making the ALJ's decision the final decision of the

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

Commissioner of Social Security (the "Commissioner").[2]

With briefing complete, this case is now ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 9 & 10. Based upon a review of the evidentiary record, the parties' briefs, and the relevant authority, the court finds that the Commissioner's decision is due to be REVERSED and REMANDED, as explained below.

## I. STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted). Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir.

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440). The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42

U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Duey bears the burden of proving that he is disabled, and he is responsible for producing evidence to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

(1) Is the claimant presently unemployed?
(2) Is the claimant's impairment severe?
(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform his or her former occupation?
(5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III. DISCUSSION

### A. Facts

Duey was 25 years old on the alleged disability onset date. He has a ninth-grade education and prior work experience as a structural steel worker and butcher's assistant.

Duey is married, but he testified at the hearing before the ALJ that he had been separated from his wife for three years. Duey also testified during the hearing that he began living with his mother after he and his wife separated so that his mother could help him take care of his twin daughters who were then two years old; however, it is unclear from the record exactly when Duey began living with his mother. A June 4, 2013 psychological report from Dr. Scott Stewart states that Duey lived alone, at least at that time. However, Duey's mother, Vicki Faircloth, provided written statements on June 21, 2013 and June 18, 2014, stating that Duey lives with her. Duey's estranged wife, Kaylin Bryant, also provided a written statement on June 5, 2014, stating that Duey lives with Faircloth. Duey testified that he watches his daughters, with his mother's help, during the day while their mother works two jobs; his daughters stay with their mother most nights.

The ALJ held an administrative hearing on July 10, 2014. Following that hearing, the ALJ found that Duey had not engaged in substantial gainful activity since the alleged disability onset date of December 10, 2012. The ALJ then concluded that Duey had the severe impairments of status post C1 fracture; status post comminuted fracture of L3 body with discectomy and instrumentation L2-L4; left foot drop; status post traumatic brain injury; depression; and marijuana abuse, but that none of those impairments or a combination of those impairments meets or medically equals the severity of one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Ultimately, the ALJ found that Duey was not disabled within the meaning of the Social Security Act and denied his claims.

**B.     Issues Presented**

Duey presents four issues for the court's review: (1) whether the ALJ erred by failing to consider the written statements of his mother, Vicki Faircloth, or his estranged wife, Kaylin Bryant; (2) whether the ALJ failed to apply the pain standard properly; (3) whether the ALJ erred in assessing Duey's residual functional capacity; and (4) whether the ALJ erred in assigning substantial weight to the opinion of the non-examining reviewing physician.[3] Doc. 12. The Commissioner contends that the ALJ made proper determinations supported by substantial evidence on the record as a whole. Doc. 13. For the reasons that follow, the court finds that the Commissioner's decision is due to be reversed and remanded with respect to the first two issues raised by Duey. As a result of these findings, the court pretermits a discussion of the other two issues raised by Duey.

**C.     Analysis**

In finding Duey not disabled, the ALJ relied heavily on the fact that Duey lives alone. Indeed, at the step three analysis (*i.e.*, whether Duey has an impairment or a combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Subpart P, Appendix 1), the ALJ concluded that Duey has

---

[3] These are the issues as presented by Duey in his brief. *See* Doc. 12 at 1. Any other issue not raised before the court is deemed waived. *See Dial v. Berryhill*, 2017 WL 459859, at *3 (M.D. Ala. Feb. 2, 2017) (citing *Simpson v. Comm'r of Soc. Sec.*, 423 F. App'x 882, 885 (11th Cir. 2011) (concluding in a social security case that issues not raised before the district court are waived)).

moderate restriction in activities of daily living because, among other things, he "lives alone and can independently manage his activities of daily living." Doc. 14-2 at 17. In determining that Duey has the residual functional capacity to perform sedentary work with certain postural, environmental, and mental limitations, the ALJ relied on, among other things, his finding that Duey "lives alone" (although the ALJ also acknowledged that Duey's mother helps him take care of his daughters). Doc. 14-2 at 19. In giving "little probative weight" to Duey's testimony about the severity of his impairments, the ALJ noted Dr. Stewart's June 2013 psychological consultative examination, which reflected that Duey "lived" by himself and received no assistance with activities of daily living functions. Doc. 14-2 at 20. Ultimately, the ALJ expressly rejected Duey's subjective complaints of pain because, among other considerations, he "remained capable of a wide range of activities of daily living including take care of two young children and living alone." Doc. 14-2 at 21.

Duey contends that the ALJ erred by finding that he was not disabled, in part, because he lives alone and does not need assistance from others in his activities of daily living, despite the fact that his mother and his estranged wife both submitted written statements representing that Duey lives with his mother, rather than alone. The court agrees that it was error for the ALJ not to consider the testimony by Faircloth and Bryant that Duey lives with his mother and to rely on Duey "living alone" to discount his credibility and, ultimately, to find that he is not disabled.

In a disability appeal report from June 21, 2013, Faircloth stated that Duey lives with her. Doc. 14-6 at 251. On June 5, 2014, Bryant submitted a written statement that

7

Duey lives with his mother and that he could no longer take care of his children like he could before his disability. Doc. 14-6 at 265. On June 18, 2014, Faircloth submitted another written statement representing that Duey lives with her and that she provides most of the daily care for his young daughters. Doc. 14-6 at 276–77. Even Duey testified at the July 2014 hearing before the ALJ that he "lives with [his] Mom now" and that he has been living with her since he separated from his wife three years earlier so he could have help taking care of his daughters. Doc. 14-2 at 38.

     The ALJ did not address or even mention this evidence in his decision. Rather, he appears to have relied on Dr. Stewart's June 4, 2013 consultative psychological report, which reflects that Duey "lives by himself" and receives no assistance with activities of daily living. Doc. 14-8 at 378. However, Dr. Stewart's report predates Faircloth's representations in the June 21, 2013 disability report and her June 18, 2014 written statement that Duey lives with her; Bryant's June 5, 2014 statement that Duey lives with his mother; and Duey's own testimony during the administrate hearing in July 2014 that he lives with his mother. To the extent that it is unclear from the July 2014 hearing testimony precisely when and for how long Duey has been living with his mother, the ALJ made no attempt to clarify this issue with additional questioning. At best, there is conflicting evidence concerning whether Duey actually lived alone during the relevant time period, and at worst the ALJ ignored this contradiction.

     The Commissioner urges the court to overlook this error by the ALJ because the testimony of Faircloth and Bryant was duplicative of Duey's testimony. While this may be true with respect to certain aspects of their testimony, like Duey's inability to lift his

daughters, it is not duplicative on the issue of whether he lived alone. If anything, the evidence on this particular issue is conflicting. *See Ladd ex rel. J.J.L.G. v. Colvin*, 2014 WL 1230255, at *9 (S.D. Ala. Mar. 25, 2014) (finding that ALJ erred in not mentioning or discussing evidence from non-medical source); *Starks v. Astrue*, 2008 WL 1805438, at *4 (M.D. Ala. Apr. 18, 2008) (finding that ALJ erred by misstating medical expert's testimony and then relying on that misstated testimony in rendering his step 3 decision).

The court is also not persuaded by the Commissioner's argument that the ALJ's statement that Duey "lives" alone—rather than "lived" alone, as he testified—was a typographical error. Doc. 13 at 6. Such an argument is believable if the error happened once, but for the ALJ to state that Duey lives alone three different times was hardly unintentional.[4] Doc. 14-2 at 17 ("The claimant lives alone"), 19 ("The claimant lives alone") & 21 ("living alone").

"There is no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered." *Reed v. Astrue*, 2009 WL 3571699, at *3 (S.D. Ala. Oct. 26, 2009) (citing 20 C.F.R. § 416.913(d); SSR 06-03p). However, the "ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for his decision in order to enable a reviewing court to determine whether the decision was based on substantial evidence." *Id.* "Indeed, findings may be by implication if they are obvious to the reviewing court." *Ladd*, 2014 WL

---

[4] Although the ALJ references Duey's living situation four times in his decision, only three of those references state that he lives or is living alone. Doc. 14-2 at 17 ("lives alone"), 19 ("lives alone") & 21 ("living alone"). The fourth reference states that Duey "lived" alone. Doc. 14-2 at 20 ("lived by himself").

9

1230255, at *10 (internal quotation marks omitted).  In this case, "despite the ALJ's assertion that he considered all of the relevant evidence in the case record, it is far from clear, for the reason set forth above, that the ALJ appropriately considered the 'other source' evidence," particularly when he repeatedly stated that Duey lives alone, even though the statements from Faircloth, Bryant, and even Duey contradict this conclusion.  For these reasons, the court finds that remand is warranted on the issue of whether the ALJ failed to consider the written statements of Faircloth and Bryant.  On remand, the ALJ shall reconsider whether Duey lived alone or with his mother during the relevant time period and, in so doing, shall specifically consider the written statements provided by Faircloth and Bryant.

      The ALJ's finding that Duey lives alone also tainted his application of the pain standard to Duey's claims.  Subjective complaints of pain and other limitations may establish the presence of a disabling condition if supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  In the Eleventh Circuit, to establish disability based on pain and other subjective symptoms, a claimant must present (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) evidence that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).  "Once a claimant has met the pain standard, the ALJ may still discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so based on substantial evidence." *Harmon v. Colvin*, 2013 WL

4827549, at *3 (N.D. Ala. Sept. 10, 2013) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002)).

Here, the court assumes, without deciding, that Duey met the pain standard. The problem arises with the reasons the ALJ provided for finding his subjective complaints of pain not to be credible. One of those reasons was that, despite Duey's complaints of pain and other disabling symptoms, "he nonetheless has remained capable of a wide range of activities of daily living including taking care of two young children and living alone." Doc. 14-2 at 21. However, the court has already concluded that, at best, there is a conflicting evidence as to whether Duey did indeed live alone during the relevant time period. Both his mother and his estranged wife testified that he lived with his mother and not alone. Thus, the ALJ's rationale for discounting Duey's credibility was defective to the extent he relied on the fact that Duey lives alone. For this reason, the court finds that remand is warranted on whether the ALJ properly applied the pain standard to Duey's claims. On remand, the ALJ should reapply the pain standard to Duey's claims following a reevaluation of whether Duey lived alone or with his mother during the relevant time period.

### IV. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons stated above, it is ORDERED that the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion. A final judgment will be entered separately.

DONE this 18th day of September, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE